**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**KIRIL VIDINSKI**
PETITIONER                                   **Case No: 18cv5233**

vs.

**JEFFERSON SESSIONS**, Attorney
General in his Official Capacity;
**KIRSTJEN NIELSEN,** Secretary of
DHS, in her official capacity; **RONALD D.**
**VITIELLO**, Acting Director of ICE, in his official
capacity; **RICARDO A WONG**, Director
of the Chicago Field Office of ICE, in his
official capacity; **JIM BOND**, the Field Office
Director of Enforcement and
Removal Operations, ICE, Chicago, as
the warden of the Field Office Detention Unit
and the Kenosha County Detention Center,
in his official capacity, and each of their
respective successors and assigns, and
**DOES 1 through 5**.

RESPONDENTS

_____

**PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY**
**INJUNCTION**

**[IMMINENT DEPORTATION]**
_____

        In accordance with Federal Rule of Civil Procedure 65(b), Plaintiff Kiril VIDINSKI

respectfully moves this Court for a temporary restraining order and/or preliminary injunction

temporarily enjoining the Immigration and Customs Enforcement (ICE) from physically

removing Mr. Vidinski from the United States **early next week** without first obtaining a medical

1

clearance from a qualified medical professional to address his medical complaints and symptomology and prior to the Board of Immigration Appeal having had an opportunity to address Petitioner's statutory motion to reopen. The efforts to deport Mr. Vidinski -- after arresting him in violation of section 1321(a)(3) of the Immigration and Nationality Act -- is an apparent effort to moot the present case and to punish him for the exercise of his First Amendment right to petition the courts for redress as more fully addressed in the attached memorandum. Pursuant to Local Rules 5.3(a) and 78.1, Mr. Vidinski respectfully requests waiver of the 10-day notice of motion presentment requirement, and an expedited hearing on 6 September 2018. Mr. Vidinski respectfully requests oral argument (in person or telephonically), consistent with Local Rules.

Local Rule requires petitioners to ascertain whether this motion is opposed. Plaintiff's counsel, Nicolette Glazer, spoke personally with Ms. Garaciella Vinaja, from the office of the United States Attorney, Northern District of Illinois, on 21 August 2018 explaining the nature of the relief sought and seeking concurrence. Ms. Vinaja informed counsel that she will need time to review the case and discuss issues with ICE. Yesterday, counsel send a follow up email to Ms. Vinaja requesting a position due to the urgency of the situation. Ms. Vinaja denied concurrence.

Petitioner is a Bulgarian national who came to the United States in 1998. He is married and has two United States citizen children ages 5 and 11. He has no criminal record and is productive member of society. He has been subject to a void final order of removal for years, but the government permitted him to reside in the community under orders of supervision and own recognizance.

On 20 July 2018 ICE arrested Mr. Vidinski in violation of section 1231 of the Immigration and Nationality Act and he now faces imminent removal to Bulgaria. Indeed,

Deportation Officer Del Rivero has now informed petitioner's counsel that removal will take place early next week, but was unwilling to offer any further details—so that means that removal could be as early as **Monday, 27 August 2018**. If removed, Mr. Vidinski's currently pending statutory motion to reopen based on the United States Supreme Court recent decision in *Pereira v Sessions*, would be deemed abandoned, thereby depriving Mr. Vidinski from the sole venue and opportunity to challenge his void order of removal.

1. Pursuant to Fed. R. Civ. P. 65, petitioners seek a Temporary Restraining Order and/or stay of removal that bars his removal until an appropriate process has determined whether, in light of *Perreira*, he is entitled to a new immigration hearing and a new opportunity to apply for cancellation of removal.

2. Petitioner also request the Court schedule oral argument for 6 September 2018.

WHEREFORE, for the reasons set forth in the accompanying brief, petitioner respectfully requests this Court to grant the Temporary Restraining Order/stay of removal, and set the case for further briefing.

by _____/s/ *Nicolette Glazer*_____
Nicolette Glazer Esq. CSB209713
Law Offices of Larry R Glazer
Watt Plaza
1875 Century Park East #700
Century City, CA 90067
T:310-407-5353
F:310-407-5354
nicolette@glazerandglazer.com

## STATEMENT OF ISSUES PRESENTED

1. Whether the Court should issue an emergency order to preserve the status
quo and prevent the imminent removal of petitioner, without first providing the needed medical
care, examination and clearance and while a Motion to Reopen in pending before the Board of
Immigration Appeals.
**Petitioners' Answer: Yes.**

2. Whether petitioner is likely to prevail on his claims that his immediate removal would be
unlawful under the Due Process Clause and immigration law because they have not had a
meaningful opportunity to be heard on the issue of whether the agency order of removal in effect
is void ab initio under *Pereira v Sessions*.
**Petitioners' Answer: Yes.**

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Mr. Vidinski does not contest the right of the government to execute a lawful removal order in accordance with the provisions of the INA. Petitioner seeks, instead, an order directed to Respondents to conduct a medical examination, respond to Petitioner's request for medical care, and allow the Board of Immigration Appeals to decide the pending motion to reopen before executing a pretextual deportation intended to moot this case. Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS") has detained Petitioner, Kiril Vidinski since 20 July 2018, well after the mandatory 90 days removal period. Petitioner seeks an order releasing him from custody and staying his removal until he exhausts his right to pursue a statutory motion to challenge his removal order before the Board of Immigration Appeals, in light of intervening Supreme Court decision. Petitioner contends that his detention and impending removal violate his due process right and the APA because the detention and the impending removal interfere with his opportunity to obtain relief from a void order of removal. Petitioner seeks a fair opportunity to engage in the immigration process that Congress has promulgated.

### FACTS

In 1998 Mr. Vidinski was inspected and admitted to the United States pursuant to a lawfully issued non-immigrant visa. Mr. Vidinski married a United States citizen in 2002 who three years after the marriage filed a Family Relative Petition to accord Mr. Vidinski legal permanent status (a green card). On 26 February 2009, while the I-130 petition and the adjustment of status application were still under consideration by USCIS, the parties filed an uncontested petition to terminate their marriage, which was granted on 8 April 2009.

5

On 17 June 2010 ICE-Chicago initiated removal proceeding against Mr. Vidinski by preparing and filing a notice to appear with the EOIR in Chicago, Illinois. The document titled 'Notice to Appear' when filed with the EOIR and served on Mr. Vidinski did not contain either a date or a time for Mr. Vidinski to appear before the EOIR. A copy of the putative 'notice to appear' is attached as Exhibit A.

Mr. Vidinski was charged with removability under section 237(a)(1)(B), 237(a)(1)(A) and 237(a)(1)(G)(ii). *Id*.

On 15 June 2012 an Immigration Judge found Mr. Vidinski removable under sections 237(a)(1)(B) and 237(a)(1)(A), declined to sustain the lodged charge of removability under section 237(a)(1)(G)(ii), and denied Mr. Vidinski's application for cancellation of removal. Mr. Vidinski asserts that the order of removal entered by the Immigration Judge was *void ab initio* as the EOIR had not acquired subject matter jurisdiction over Mr. Vidinski's case and thus had no power, authority, or jurisdiction to enter any valid and/or binding decision affecting Mr. Vidinski's rights.

On 20 June 2013 the Board of Immigration Appeals affirmed the void decision of the Immigration Judge.

At no time between 17 February 2017 and 20 July 2018 did Respondents issue a 'bag and baggage' letter or informed Mr. Vidinski of a revocation of an order of supervision and/or release.

Mr. Vidinski has complied with all requests for information, never evaded arrest, nor was he ever accused or found to have violated any condition of his release.

Mr. Vidinski has no criminal record.

6

Mr. Vidinski is the father of two United States Citizen children and a successful small business owner.

While in ICE custody Mr. Vidinski, who suffers from anxiety and manic depression, was denied proper medical care, monitoring for chronic medical condition, and access to his prescription medications:

a) Mr. Vidinski was not provided a proper medical screening and intake upon admission at the Kenosha County Detention Center despite the fact that ICE records contained notations of chronic medical problems and the facility was specifically notified by Mr. Vidinski and counsel of Mr. Vidinski's need to access his prescription medications.

b) Between 20 July 2018 and 27 July 2018 Mr. Vidinski was denied access to prescription medication, including Citalopram and Valproic Acid, which are necessary to control Mr. Vidinski's anxiety and panic attacks. During this period of time Mr. Vidinski repeatedly complained of symptomology indicative of potentially life-threatening conditions and made multiple requests for accommodations of his medical condition and needs for care.

c) Mr. Vidinski has not seen a medical doctor or a qualified mental health professional to date and his medications have not been adjusted.

d) Even after the Kenosha County Detention Center staff placed Mr. Vidinski on medication he has not been seen by a physician or specialist and no evaluation has been made to prescribe a regime and health care plan sufficient to monitor and prevent aggravation of Mr. Vidinski's chronic conditions.

Mr. Vidinski's depression has worsened and because of the lack of proper medication he is currently experiencing episodes of paranoia, claustrophobia, and has suffered severe panic attacks.

**ARGUMENT**

*Ex parte* temporary restraining orders are "necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

To obtain a temporary restraining order, the movant must show that: (1) it is reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *See Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004) (setting forth preliminary injunction standard); *Long v. Bd of Educ.*, Dist. 128, 167 F. Supp. 2d. 988, 990 (N.D. Ill. 2001) (noting that the standard for issuing a temporary restraining order is identical to the standard used for preliminary injunctions). Furthermore, "[t]he movant has the burden of proof to make a clear showing that it is entitled to the relief it seeks." *See International Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 675-76 (N.D. Ill. 2006).

A plaintiff seeking a preliminary injunction must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable injury without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here Mr. Vidisnki meets each of the requirements.

1. **Mr. Vidinski has a reasonably likely to succeed on the merits**

**Venue and Personal Jurisdiction**

During the meet and confer process Respondents' counsel indicated that it will challenge the property of the venue in this case. Accordingly, Petitioner will briefly address it. "Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *See Rasul v. Bush,* 542 U.S. 466,473 (2004) (quoting 28 U.S.C. §§ 224l(a), (c)(3)). "The question whether the [Court] has jurisdiction over [a] habeas petition breaks down into two related sub questions. First, who is the proper respondent to that petition? And second, does the [Court] have jurisdiction over him or her?" *See Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004). The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over" the petitioner. *See* 28 U.S.C. § 2242. When the case was initiated Mr. Vidinski was held in detention at 101 West Congress Parkway, Chicago, IL at the field office of ICE. *See* Exhibit A. Mr. Vidinski has named Jim Bond, who is field Office Director of Enforcement and Removal Operations, Chicago and the warden of the field office detention facility where Petitioner was detained. Mr. Bond is also the warden of the Kenosha County Detention Center. (ECF #1 at p. 4) The remaining Respondents are the persons having legal and immediate custody of Mr. Vidinski. *Id.* "[A] district court acts within its respective jurisdiction within the meaning of§ 2241 as long as the custodian can be reached by service of process." *Rasul v. Bush,* 542 U.S. at 478-79 (internal modifications omitted). Thus, as long as Respondents can be reached by service of process under the Illinois law, this Court has jurisdiction. *See* Fed. R. Civ. P. § 4(e)(l). None of the Respondents could plausibly dispute that they are not reachable by service of process under the Illinois law. Mr. Bond's and Mr. Wong's office is located in Chicago, subjecting them to service of process. Mr. Sessions, Ms. Nielsen, and the DHS can all be reached by service of process anywhere within the US and have been properly served.

**Right to Proper Medical Care**

The Eighth Amendment prohibits cruel and unusual punishment of a person even if convicted of a crime. See U.S. Const. amend. VIII. Here, Mr. Vidinski is held in civil detention in violation of section 8 U.S.C. 1321(a)(3) and the 5th Amendment of the Constitution. Due process requires that prison officials ensure that all inmates (even those serving sentences) receive adequate food, clothing, shelter, exercise, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to violate the Eighth Amendment "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities") (internal quotation marks and citation omitted). To show a violation a plaintiff must show that prison officials had actual knowledge of a plaintiff's basic human needs and deliberately refused to meet those needs. *See Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000), cert. denied, 532 U.S. 1065 (2001) (citing Farmer, 511 U.S. at 847). "Deliberate indifference" is an objective standard and means that a defendant "knew of and disregarded" a substantial risk of serious harm. *See Farme*r, 511 U.S. at 837. Deliberate indifference may be found when "officials deny, delay, or intentionally interfere with medical treatment," or it may appear in the manner in which physicians provide medical care. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). In either case, deliberate objectively unreasonable and substantial; mere negligence or inadvertence or a difference in medical judgment or opinion does not amount to a constitutional violation. *See Estelle*, 429 U.S. at 105–06. ICE has been aware of Mr. Vidinski's medical conditions and the need for Mr. Vidinski to continue with a prescribed course of medication to address mental health conditions and has received multiple and repeated complaints but has ignore them. Because Respondents are withholding mental care evaluation,

proper medication and adjustment to already prescribed medication Mr. Vidinski condition has severely deteriorated. He is suffering from severe depression, experiences panic attacks and claustrophobia and shows signs of paranoia.

**Violation of APA and Fifth Amendment of U.S. Constitution.**

Both the APA and the Fifth Amendment of the U.S. Constitution protect persons from an arbitrary governmental interference with the persons' rights and liberty. When a government agency makes available an immigration process to a class of persons but then deprive a member of the class a fair opportunity to engage in the process, with no explanation or justification, that is an arbitrary governmental interference. Congress has enacted a detailed and complex statutory scheme for the orderly removal of noncitizens like Mr. Vidinski that places the burden of proof on the Government to properly invoke the limited jurisdiction of the EOIR and to establish a ground for removal under section 237 of the INA. time and place at which the proceedings will be held". Here, Respondents disregarded the INA and attempted to initiate removal with a clearly insufficient Notice to Appear. See Exhibit 2.

The Supreme Court recently held that, "A notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a).'" *See Pereira v. Sessions*, 138 S. Ct. 2105, 2113-14 (2018). "If the three words 'notice to appear' mean anything in this context, they must mean that, at a minimum, the Government has to provide noncitizens 'notice' of the information, i.e., the 'time' and 'place,' that would enable them 'to appear' at the removal hearing in the first place. Conveying such time-and-place information to a noncitizen is an essential function of a notice to appear, for without it, the Government cannot reasonably expect the noncitizen to appear for his removal proceedings." *Id*. At 2115.

The 17 June 2010 'notice to appear' filed with the EOIR and served on Mr. Vidinski does not contain a date and time at which the proceeding against him were supposed to be held. No other charging document was ever issued by any of the Respondents, filed with the EOIR, or served on Mr. Vidinski. Since the Vidinski 'notice to appear' omitted information required by the Immigration and Nationality Act, the notice is deficient and failed to invoke the subject matter jurisdiction of the immigration court.

Since the 15 June 2012 purported 'removal order' and any decision of the Board stemming from such order are void *ab initio* as issued wholly without jurisdiction, Mr. Vidinski filed a Motion to Reopen with the BIA. Administrative proceeding held where the immigration court lacked jurisdiction are void. *See Wilson v. Carr*, 41 F.2d 704, 706 (9th Cir. 1930) ([I]f the order is void on its face for want of jurisdiction, it is the duty of this and every other court to disregard it.")  As shown in exhibit 3 many immigration courts have in deed invalidated and closed removal proceedings because their limited jurisdiction had not been properly invoked.

Under the APA, a court may "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Here, by detaining and attempting to execute Petitioner's void order of removal, Respondents have attempted to strip the Petitioner's right to engage in an immigration process made available to him – a statutory motion to reopen. Yet Respondents have provided no explanation or justification.  Respondents are attempting to moot Mr. Vidinski motion to reopen by physically removing him from the country so that the BIA would lose jurisdiction over the motion. Such a deliberate deprivation is arbitrary and capricious and a violation of the APA.

The Due Process clause guarantees fair procedures prior to deprivations of liberty or property—including removal. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation

proceedings."). And due process, of course, requires an opportunity to be heard "at a meaningful time and in a meaningful manner." *See Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Although Mr. Vidinski had a past opportunity to be heard in the void removal proceedings, the Supreme Court recent decision and the government's recent actions, and evident plan to speedily remove the petitioner, are obviating Mr. Vidinski opportunity to be heard at a meaningful time—now— in accordance with the Congressional scheme under the INA..

Removing him without giving them this opportunity violates the Fifth Amendment's Due Process Clause. Petitioner's prior hearings did not afford him the process that is due, he received ineffective assistance of counsel which the BIA acknowledged, and now he has a new qualifying relative, a minor child born in 2013, for cancellation of removal.

What due process requires is that petitioners get a meaningful chance to demonstrate that substantive immigration law forbids their current removal. This could happen in one of two ways. This Court could itself hear petitioner's claims under the INA and Perreira (void order of removal). Alternatively, petitioner could be ensured time to have the Board decide the pending Motion to Reopen. Either way, this Temporary Restraining Order or stay of removal is essential to "preserve the status quo so that a reasoned resolution of a dispute may be had," *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). Resolving the issues— whether in this Court or by way of motion to reopen—will require substantial time—certainly more than the one two days left before next week – the date counsel has been informed that Mr. Vidinski is intended for removal. As discussed above, Respondents have attempted to strip the Petitioner's right with no explanation or justification. That is a violation of due process. *See Sameena, Inc. v. U.S. Air Force,* 147 F.3d 1148, 1153 (9th Cir. 1998) ("An agency's failure to follow its own regulations ... may result in a violation of an individual's constitutional right to due process.").

**Right to Family Integrity.**

The constitutional right to family integrity "is entirely judge-made: it does not appear in the text of the Constitution itself." *See Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). Furthermore, the right to family integrity has been recognized in only a narrow subset of circumstances. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)) (noting courts must be "'reluctant to expand the concept of substantive due process.'"). Here the constitutional right to family integrity applies under the particular circumstances alleged here. Mr. Vidisnki's wife and two children have been denied the possibility to 'say goodbuy' and prepare for an orderly departure, should that become needed.

### 2. Mr. Vidinski Meets the Remaining Factors warranting the entry of a order of stay.

*First,* here Mr. Vidinski life and health are at stake. In light of his history of depression any complication or continued withholding of proper medication could be life threatening.

*Second*, the balance of equities sharply favors Mr. Vidinski: he was arrested in violation of the provisions of the INA and based on a void order of removal and as a punishment for his exercise of his First Amendment right to petition. ICE is seeking to punish him and moot his pending Motion to Reopen by carrying on a pretextual deportation.

*Third*, the requested relief is clearly in the public interest. The Petition Clause of the United States Constitution protects the right of individuals to appeal to courts for resolution of legal disputes:

> Over the course of centuries, our society has settled upon civil litigation as a means for redressing grievances, resolving disputes, and vindicating rights

> when other means fail. There is no cause for consternation when a person
> who believes in good faith and on the basis of accurate information
> regarding his legal rights hat he has suffered a legally cognizable injury
> turns to the courts for a remedy: 'we cannot accept the notion that it is
> always better for a person to suffer a wrong silently than to redress it by
> legal action.' *Bates v. State Bar of Arizona,* 433 U.S. at 433 U. S. 376.

*See Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio,* 471 U.S. 626, 642-46

(1985); *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011) ("The interpretation

of the Petition Clause must be guided by the objectives and aspirations that underlie the right. A

petition conveys the special concerns of its author to the government and, in its usual form,

requests action by the government to address those concerns") (citing *Sure-Tan, Inc. v. NLRB*,

467 U.S. 883, 896-897 (1984)). Without the right of access to courts the vindication of all other

rights would be impossible. Any restriction of First Amendment rights is subject to strict scrutiny

it must (1) serve a compelling governmental interest; and (2) be narrowly tailored to achieve that

interest. *See Ashcroft v. ACLU*, 535 U.S. 564, 573 (2002). Violating clear Congressional

mandates and notions of due process and then using the powers vested in the government to

silence an individual seeking to hold the government responsible for such violations cannot pass

Constitutional muster.

by _____/s/ *Nicolette Glazer*_____
Nicolette Glazer Esq. CSB209713
Law Offices of Larry R Glazer
Watt Plaza
1875 Century Park East #700
Century City, CA 90067
T:310-407-5353
F:310-407-5354
nicolette@glazerandglazer.com

15

EXHIBIT 1

 Official Website of the Department of Homeland Security

Report Crimes: Email (http://www.ice.gov/webform/hsi-tip-form) or

(http://www.ice.gov/)

Main Menu

# Search Results: 1

**KIRIL HRISTOV VIDINSKI**

**Country of Birth:** Bulgaria
**A-Number:** 096533945
**Status:** In Custody
**Current Detention Facility:** CALL FIELD OFFICE

BACK TO SEARCH >

## Related Information

### Helpful Info

Status of a Case

About the Detainee Locator

Brochure
(http://www.ice.gov/factsheets/odls)

ICE ERO Field Offices
(http://www.ice.gov/contact/ero/)

ICE Detention Facilities
(https://www.ice.gov/detention-facilities)

Privacy Notice

## External Links

Bureau of Prisons Inmate
Locator
(http://www.bop.gov/iloc2/LocateInmate.jsp)

(http://service.govdelivery.com/service/multi_subscribe.html?code=USDHSICE)

(http://www.facebook.com/wwwicegov)    (http://twitter.com/wwwICEgov)    (www.ice.gov/rss/)

(http://youtube.com/wwwICEgov)

(https://www.linkedin.com/company/u-s-immigration-and-customs-enforcement-ice)

(http://itunes.apple.com/us/podcast/ices-latest-videos/id535655139?mt=2&ign-mpt=uo%3D4)

(https://www.instagram.com/icegov )

DHS.gov (http://www.dhs.gov)    |    USA.gov (http://www.usa.gov)    |
OIG (http://www.oig.dhs.gov)    |
Open Gov (http://www.whitehouse.gov/open)    |
FOIA (http://www.ice.gov/foia/overview)    |
Metrics (http://www.ice.gov/metrics)    |
No Fear Act (http://www.ice.gov/management-administration/dcr)    |
Site Map (http://www.ice.gov/sitemap)    |
Site Policies & Plug-Ins (http://www.ice.gov/legal)

EXHIBIT 2

U.S. Department of Homeland Security

# Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

| | | |
|---|---|---|
| Subject ID : 284622579 | FIN #: 1032428726 | File No: A096 533 945 |
| | DOB: 01/21/1974 | Event No: XCH1006000039 |

In the Matter of:

**Kiril Hristov VIDINSKI**

Respondent: _____ currently residing at:

3 HEATHERWOOD COURT , INDIAN HEAD PARK ILLINOIS 60525               (708)372-2576

(Number, street, city and ZIP code)               (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
    See Continuation Page Made a Part Hereof

Service on EOIR:
Original Served On EOIR ZCHI
Date: 9/2 /10
File: 96 - 533 - 945

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
    See Continuation Page Made a Part Hereof

CHICAGO 2010 SEP 29 AM 11:6

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.
☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30(f)(2) ☐ 8CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an immigration judge of the United States Department of Justice at:
OFFICE OF THE IMMIGRATION JUDGE 55 East Monroe Street Chicago ILLINOIS US 60603

_____
(Complete Address of Immigration Court, Including Room Number, if any)

on  a date to be set  at  a time to be set  to show why you should not be removed from the United States based on the
     (Date)               (Time)

charge(s) set forth above.               ANGUS LOWE               GROUP SUPERVISOR

Date: June 17, 2010          Chicago, Illinois          (Signature and Title of Issuing Officer)

(City and State)

**See reverse for important information**               Form I-862 (Rev. 08/01/07)

000863

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____     _____
                                              *(Signature of Respondent)*

                                         Date: _____

_____
*(Signature and Title of Immigration Officer)*

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on **June 17, 2010**_____, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

☒ in person          ☐ by certified mail, returned receipt requested          ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ **English** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          **JACOB A. BLANCHETTE**    **Senior Special Agent**
*(Signature of Respondent if Personally Served)*                    *(Signature and Title of officer)*

U.S. Department of Homeland Security                    Continuation Page for Form  ___I-862___

| Alien's Name | File Number | Date |
|---|---|---|
| Kiril Hristov VIDINSKI | A096 533 945<br>Event No: XCH1006000039 | June 17, 2010 |

THE SERVICE ALLEGES THAT YOU:
==============================
1. You are not a citizen or national of the United States;
2. You are a native of BULGARIA and a citizen of BULGARIA;
3. You were admitted to the United States at Chicago, Illinois on or about February 16, 1998 as a nonimmigrant B-2 visitor with authorization to remain in the United States for a temporary period not to exceed August 15, 1998;
4. You remained in the United States beyond August 15, 1998 without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.
5. You sought to procure your admission, visa, adjustment, or other documentation or benefit by fraud or by willfully misrepresenting a material fact, to wit: on or about May 23, 2005 you submitted Form I-485, Application to Register Permanent Residence or Adjust Status, based on a fraudulent marriage with U.S. citizen Constance Literski;
6. You have failed or refused to fulfill your marital agreement with Constance Literski, which was entered into for the purpose of procuring your admission as an immigrant.


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
==============================================================================

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

Section 237(a)(1)(A) of the Immigration and Nationality Act (Act), as amended, in that at the time of entry or of adjustment of status, you were within one or more of the classes of aliens inadmissible by the law existing at such time, to wit: aliens who seek to procure, or have sought to procure, or who have procured a visa, other documentation, or admission into the United States, or other benefit provided under the Act, by fraud or by willfully misrepresenting a material fact, under Section 212(a)(6)(C)(i) of the Act.

Section 237(a)(1)(G)(ii) of the Immigration and Nationality Act, as amended, in that you are in the United States in violation of the Act, it appearing to the satisfaction of the Attorney General that you are an alien who failed or refused to fulfill your marital agreement which in the opinion of the Attorney General was made for the purpose of procuring your admission as an immigrant; you are therefore considered to have procured your visa or other documentation by fraud.

| Signature | Title |
|---|---|
| _ANGUS LOWE_ | GROUP SUPERVISOR |

___3___ of ___3___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

000865

U.S. Department of Homeland Security                    **Notice of Custody Determination**

Kiril Hristov VIDINSKI

| | |
|---|---|
| Event No: | XCH1006000039 |
| File No: | A096 533 945 |
| Date: | 06/17/2010 |
| FIN#: | 1032428726 |

3 HEATHERWOOD COURT
INDIAN HEAD PARK, ILLINOIS 60525

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☐ detained in the custody of the Department of Homeland Security.

☐ released under bond in the amount of $_____

☒ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

_____
ANGUS LOWE
(Signature of authorized officer)

GROUP SUPERVISOR
(Title of authorized officer)

Chicago, Illinois
(Office location)

☐ I do  ☒ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

_____          06-17-10
(Signature of respondent)                                      (Date)

---

**RESULT OF CUSTODY REDETERMINATION**

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge     ☐ DHS Official     ☐ Board of Immigration Appeals

The results of the redetermination/reconsiderationare:

☐ No change - Original determination upheld.          ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.                       ☐ Release - Personal Recognizance
☐ Bond amount reset to _____            ☐ Other: _____

_____
(Signature of officer)

---

Form I-286 (Rev. 08/01/07)

EXHIBIT3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
31 HOPKINS PLAZA, ROOM 440
BALTIMORE, MD  21201


Greene Law Firm, LLC
Greene, Jonathan Scott
10500 Little Patuxent Pkwy
Suite 420
Columbia, MD  21044

In the matter of            File            DATE: Aug 15, 2018

█████████████████          ████████████

\_\_ Unable to forward - No address provided.

\_x\_ Attached is a copy of the decision of the Immigration Judge. This decision
is final unless an appeal is filed with the Board of Immigration Appeals
within 30 calendar days of the date of the mailing of this written decision.
See the enclosed forms and instructions for properly preparing your appeal.
Your notice of appeal, attached documents, and fee or fee waiver request
must be mailed to:    Board of Immigration Appeals
                      Office of the Clerk
                      5107 Leesburg Pike, Suite 2000
                      Falls Church, VA 22041

\_\_ Attached is a copy of the decision of the immigration judge as the result
of your Failure to Appear at your scheduled deportation or removal hearing.
This decision is final unless a Motion to Reopen is filed in accordance
with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
motion must be filed with this court:
                      IMMIGRATION COURT
                      31 HOPKINS PLAZA, ROOM 440
                      BALTIMORE, MD  21201

\_\_ Attached is a copy of the decision of the immigration judge relating to a
Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
1208.31(g)(1), no administrative appeal is available. However, you may file
a petition for review within 30 days with the appropriate Circuit Court of
Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

\_\_ Attached is a copy of the decision of the immigration judge relating to a
Credible Fear Review. This is a final order. No appeal is available.

\_\_ Other: _____
        _____


                      *V.WASHINGTON*
                      COURT CLERK
                      IMMIGRATION COURT                    FF
cc: DHS, ICE, OFFICE OF THE CHIEF COUNSEL
    31 HOPKINS PLAZA 16TH  FLOOR
    BALTIMORE, MD,  212010000

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**U. S. IMMIGRATION COURT**
31 Hopkins Plaza, Room 440
Baltimore, Maryland 21201

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| ███████████████████ | ) ) ) | File No. ████████ |
| Respondent | ) ) ) | IN REMOVAL PROCEEDINGS |

## WRITTEN DECISION AND ORDER

On August 1, 2018, Respondent filed a motion to terminate these proceedings on the grounds that the Supreme Court's reasoning in *Pereira v. Sessions*, no. 17-459, 2018 WL 3058276 (June 21, 2018), 585 U.S. ____ (2018), leads to the conclusion that the Notice to Appear (NTA) filed by the Department of Homeland Security (Department) is deficient, and therefore failed to properly commence removal proceedings under § 239(a)(1) of the Immigration and Nationality Act of 1952, as amended (Act). The Department filed its opposition to the motion on August 6, 2018, arguing that *Pereira v. Sessions* is limited to an analysis of the applicability of the stop-time rule, and that the NTA is sufficient to initiate these proceedings in conjunction with a notice of hearing issued by the Court.

A review of the record in the instant matter reveals that the ᴬ served on Respondent by the Department provided, *inter alia*, notice of factual allegation.. supporting a valid charge of removability, but did not designate a time and date for the initial hearing of these proceedings, stating that the hearing would be held at a time and date to be set. Exhibit 1; § 239(a)(1) of the Act; 8 C.F.R. § 1003.15(c). After the NTA was filed with the Court, a notice of hearing was mailed to the Respondent by the Court to appear before the Court at a designated time and place. § 239(a)(1)(G), (2)(A)(i) of the Act; 8 C.F.R. § 1003.18(b).

To initiate removal proceedings, the NTA must provide a respondent with certain information, including "[t]he time and place at which the [removal] proceedings will be held." § 239(a)(1)(G) of the Act; 8 C.F.R. § 1239.1(a). The recent decision by the Supreme Court in *Pereira v. Sessions*, *supra*, addressed the validity of an NTA in the context of the stop-time rule cutting off the 10 year continuous physical presence requirement in an application for Cancellation of Removal and Adjustment of Status for Certain Non-permanent Residents. In its discussion and analysis of the stop-time rule, the Supreme Court determined that "[a] putative notice to appear that fails to designate a specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section [239(a) of the Act].'" Id., slip op. at 9. Noting the clarity of the plain language of the statute, the Supreme Court highlighted the time and place criteria required by section 239(a)(1)(G)(i), stating that an NTA that fails to specify "integral information like the time and place of removal proceedings," deprives the NTA of its "essential character." Id. at 14 (citations

Page 1 of 3

omitted). The Supreme Court specifically addressed whether a properly served subsequent written notice of the time and place of the scheduled hearing could somehow "complete" the written notice required "under section 239(a)" and concluded that it could not. Id.

The language used in *Pereira* does not suggest that its holding is limited to the definition of NTA only for purposes of determining that physical presence under section 240A of the Act. The court specifically found that:

> if a 'notice to appear' for purposes of section 239(b)(1) must include the time-and-place information, a 'notice to appear' for purposes of the stop-time rule under section 240A(d)(1) must as well. After all, 'it is a normal rule of statutory construction that *identical words used in different parts of the same act are intended to have the same meaning.*'

(citations omitted, emphasis added). Thus, the Supreme Court is saying that an NTA means the same thing and should be interpreted the same way for every part of the Act. *Id.* at 11. *Pereira* also noted that "common sense compels the conclusion" that, based on its name and its function, a "notice to appear" must provide notice of the time and place of the hearing. *Id.* at 12. This reasoning applies in any context.

The Department argued in its opposition that the court should follow a series of cases from the Second, Third, Fifth, Seventh, and Ninth Circuits that the "two step procedure" of serving an NTA issued by the Department on a respondent and mailing of a notice of hearing by the Court to respondent is permissible to establish jurisdiction. Opposition at 7-12. However, this argument ignores that fact that all of these cases were decided before *Pereira*. In *Pereira* the Supreme Court rejected this "two step procedure," the argument that the defect in the NTA could be corrected by filing a notice of hearing. *Id.* at 10. The Department also claims in its brief that the Supreme Court in *Pereira* "reached the same holding as" the Third Circuit in *Orozco-Velasquez v. Attorney General,* 817 F.3d 78 (3rd Cir. 2016), and since the NTA there was not terminated this matter should not be. Department Opposition at 12. However, their citation for this, *Pereira, slip op.* at 8, n. 4 does not support that proposition. In that footnote the Supreme Court only cited *Orozco-Velasquez* to show the circuit conflict it was addressing in accepting the case. In *Orozco-Velasquez* the Third Circuit did find that the NTA lacking time and place information did not trigger the stop time rule, but noted that the issue of jurisdiction was not before them. *Id.* at 80.

As nothing in *Pereira* purports to limit its application prospectively, the Court finds that Respondent has not been provided the required written notice "under section 239(a)," since the initial NTA failed to designate the date and time of the schedule removal proceeding, requirements found to be essential and substantive by the *Pereira* Court. The subsequent notice of hearing that was mailed to Respondent by the Court could not serve to "complete" the initial written notice.

Another issue that arises in this case is whether the argument of jurisdiction is waived. It is well-settled that subject matter jurisdiction cannot be waived. *See, e.g., Insurance Corp. of Ireland v. Compagnie de Bauxites de Guinee,* 456 U.S. 694 (1982). In contrast, a party can waive personal jurisdiction claims by appearing before the court. *Id.; McDonald v. Mabee,* 240 U.S. 90 (1917). There does not appear to be published, controlling case law directly on point as to whether service of an NTA establishes personal or subject matter jurisdiction. However, a plain reading of the 8 C.F.R. Section 1003.14(a) would seem to suggest that it refers to subject matter jurisdiction.

*Marco v. United States,* 2010 WL 3992113 at 6-7 (S.D. Ohio 2017). The regulation states that "Jurisdiction vests, and proceedings before an Immigration Judge commence" when an NTA is filed. 8 C.F.R. Section 1003.14(a). The use of the word "commence" is a term of art which defines when jurisdiction vests in an Immigration Court. *See Saqr v. Holder,* 580 F.3d 414, 421 (6th Cir. 2010). Thus, this is an issue of subject matter jurisdiction that cannot be waived.

Therefore, the jurisdiction of Respondent's removal proceedings are not properly before this Court. Accordingly, the following order is entered:

## ORDER OF THE IMMIGRATION JUDGE

**It is ordered that:**

Respondent's Motion to Terminate is hereby GRANTED;

the instant proceedings are hereby TERMINATED, without prejudice.

8-13-18
_____
Date

*Denise N Slavin*
_____
Denise Noonan Slavin
U.S. Immigration Judge
Baltimore, Maryland

Appeal due: September 12, 2018.

Page 3 of 3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
**7488 Calzada de la Fuente**
**San Diego, California 92154**

File No.: ███████████     )     Date: July 6, 2018
                          )
In the Matter of          )
                          )
███████████████████████   )  **IN REMOVAL PROCEEDINGS**
                          )
                          )
DETAINED Respondent       )

**ON BEHALF OF**
**THE RESPONDENT:**
Law Offices of Mariana L. Hanna
Lacey Sipsey, Esq.
110 West C. Street, Ste. 1014
San Diego, CA 92101

**ON BEHALF OF THE DEPARTMENT OF**
**HOMELAND SECURITY:**
U.S. Department of Homeland Security
Immigration & Customs Enforcement
Office of Chief Counsel
Ana Ochoa, Assistant Chief Counsel
880 Front Street, Suite 2246
San Diego, California 92101

**CHARGE:** Section 237(a)(1)(B) — after admission as a non-immigrant under Section
101(a)(15) has remained for a time longer than permitted.

**APPLICATION:** Respondent's Motion to Terminate

## DECISION AND ORDERS OF THE IMMIGRATION JUDGE

### I. Procedural History

███████████████████████ (Respondent) is a self-proclaimed native and citizen of
Guatemala. On March 16, 2018, the U.S. Department of Homeland Security (DHS) served
Respondent with a Form I-862, entitled "Notice to Appear," herein marked for the record as
Exhibit 1. Based upon this filing, removal proceedings were initiated against respondent before
this Court.

The respondent moves to terminate removal proceedings based on lack of jurisdiction,
relying on the holding in *Pereira v. Sessions*, to assert that because the document filed in his case

and entitled "Notice to Appear," and which has been marked as Exhibit 1, lacked the time or place for the respondent to appear, the document which purports to be a Notice to Appear is not in fact a Notice to Appear. *See id., ----S.Cr.----2018 WL 3058276 (2018); See also* Respondent's Motion to Terminate filed on June 29, 2018 and herein marked as Exhibit 2 for ID. On July 2, 2018 the Department of Homeland Security (DHS), filed its written opposition to the Motion to Terminate. The DHS's opposition is herein marked as Exhibit 3 for ID.

The Supreme Court in *Pereira v. Sessions* held "[a] *putative notice to appear* that fails to designate the specific time or place of the noncitizen's removal proceedings *is not a "notice to appear under §1229(a)*, and so does not trigger the stop-time rule." *See id* at 2 *(emphasis added)*. Jurisdiction vests and removal proceedings commence with this Court when the DHS files a charging document with the Court, which for the purpose of removal proceedings, is a Notice to Appear. *See* 8 C.F.R. § 1003.13 and 1003.14(a); *see also* Exh. 1.

As applied to this respondent's case, the respondent avers that because his charging document, that is, the purported Notice to Appear, also lacks a time or place for his hearing, this respondent's charging document is not a Notice to Appear and thus the Court lacks jurisdiction. The respondent thus moves the Court to interpret *Pereira* in a broad manner and find that there is no charging document, and more specifically, no Notice to Appear before this Court, but rather only a putative Notice to Appear.

The DHS, on the other hand, asks the Court to interpret *Pereira* in a much narrower manner. The DHS asserts that the holding in *Pereira* was limited to a finding that where the NTA lacks the time or place of a future hearing, it will not serve to stop the accrual of continuous physical presence under INA Section 8 U. S. C. §1229b(d)(1). The DHS avers that the Supreme Court considered only a narrow question, whether such an NTA would stop accrual of time, and not whether the NTA was a valid charging document that would vest jurisdiction upon the Court. The DHS raises several arguments in support of its position. Despite the DHS's arguments to this end, the Court finds that based upon the wording used by the Supreme Court in its holding under *Pereira*, the Court is constrained to conclude that there is only a *putative* Notice to Appear present before the Court, and thus, because there is no other charging document before this Court, there is no jurisdiction over these proceedings.

July 6, 2018

The DHS's interpretation of the holding would have the Court ignore the first part of the *Pereira* holding, that is that "a *putative* notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings *is not a "notice to appear under §1229(a)[.]*" *Id.* at 2 (*emphasis added*). The DHS's interpretation fails to recognize that the second part of the holding is premised on the finding made in the first part of the holding. In sum, that because the putative NTA is not in fact an NTA, the NTA did not stop the accrual of continuous physical presence for Pereira. This reliance on the first part of the holding in reaching the second part, is evidenced by the comma between the two parts of the holding and the words "and so," contained between the first and second parts of the holding. The same is true for the Supreme Court's use of the word "putative", which is defined as "commonly accepted or supposed; assumed to exist or to have existed." *See* http://www.Merriam-Webster.com/dictionary (last visited June 27, 2018).

The DHS has put forth other arguments in support of its position. The Court is perplexed by one of these argument asserted by the DHS. The DHS seems to assert that because the putative NTA is later supplemented by a Notice of Hearing issued by the Executive Office for Immigration Review (EOIR), the very agency upon which the DHS purports to vest jurisdiction by the filing of the charging document, that the putative NTA is somehow saved because of the issuance of a Notice of Hearing, and which is issued *by* the agency *upon which jurisdiction would vest* (the EOIR). In other words, that the EOIR will perfect (or vest) jurisdiction upon itself by issuance of a Notice of Hearing, which turns a putative NTA into an actual NTA. This clearly cannot be legally correct.

While the regulations allow for a Notice of Hearing to be issued by the Court, such issuance of a Notice of Hearing is dependent upon already existing jurisdiction before the Court. The regulations state, "[i]n removal proceeding pursuant to section 240 of the Act, the Service shall provide in the Notice to Appear, the time, place, and date of the initial removal hearing, where practicable. If that information is not contained in the Notice to Appear, the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing." *See* 8 C.F.R. § 1003.18. However, as previously noted, the regulation is applicable if there is a valid Notice to Appear issued by the DHS, but as also as previously noted, the wording of the *Pereira* holding

3                                                                 July 6, 2018

inescapably constrains the Court to find that there is only a *putative* Notice to Appear presently before the Court and *not an actual Notice to Appear under 8 USC §1229(a) of the Act*, which is otherwise known as INA § 240, and is applicable to removal proceedings.

The Court does not find it necessary to reach the other arguments presented, as the Court finds the holding in *Pereira* is clear by its wording. A *putative* notice to appear which does not contain the time or place of a hearing *is not a notice to appear under §1229(a)*, and the DHS has failed to identify a charging document, other than the purported NTA, that would vest jurisdiction upon this Court over these removal proceedings.

The Court also finds that a request by DHS to amend the putative NTA may not be considered by this Court, as an amendment to the document must first contemplate jurisdiction has vested, by the issuance of a valid charging document, which is the very issue in contention present before this Court. Therefore, the Court finds it lacks jurisdiction over these removal proceedings and thus terminates these proceedings.

In light of the foregoing, the Court issues the following:

## ORDERS

**IT IS HEREBY ORDERED** that the respondent's Motion to Terminate is **GRANTED**.

**IT IS FURTHER ORDERED** that the hearing set for August 2, 2018 is hereby **VACATED**.

Dated: July 6, 2018

Ana Partida
Immigration Judge

cc:    For the respondent, Lacey Sipsey, Esq..
       Ms. Ochoa, Assistant Chief Counsel for DHS.

**Appeal Rights**: This decision is final unless an appeal is filed on Form EOIR-26, Notice of Appeal, with the Board of Immigration Appeals within thirty (30) calendar days of the date of the publication of this written decision

4                                                         July 6, 2018

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

IN THE MATTER OF )    IN REMOVAL PROCEEDINGS
)
 )
)
)
)
Respondent )    DATE: July 12, 2018
)

**Jurisdiction of Court:**    Termination

**On Behalf of Respondent:**
Nienke Schouten
1564-A Fitzgerald # 301
Pinole, CA  94564

**On Behalf of the Government:**



## DECISION OF THE IMMIGRATION COURT

In *Pereira v. Sessions*, No. 17-459, 2018 WL 3058276 (U.S. June 21, 2018), the Supreme Court specially addressed whether a "Notice to Appear" (NTA) that does not specify the "time and place at which the proceedings will be held," as required by INA §239(a)(1)(G)(i), triggers the stop-time rule for Cancellation of Removable.

The Supreme Court in *Pereira* stated that "[a] putative notice to appear that fails to designate the specific time and place of the noncitizen's removable proceedings is not a "notice to appear under [INA §239(a)]," and so does not trigger the stop-time rule." It further found that when "the term 'notice to appear' is used elsewhere in the statutory section, including as the trigger for the stop-time rule, it carries with it the substantive "time and place" criteria required by [INA §239(a)]. *Pereira* at *10.

As *Pereira* holds that an NTA that does not include the "time and place at which proceedings will be held" it is not an NTA pursuant to the Act, the Court concludes that the NTA in the current proceedings is inadequate to meet the definition of an NTA in section 239(a) of the Act. Because there is no valid charging document present in the record – and thus no jurisdiction – the Court will terminate the proceedings in this matter.

The following order is entered:

## ORDER

**IT IS ORDERED** that the proceedings are terminated for lack of jurisdiction.

**Alison E. Daw**
**Immigration Judge**

**CERTIFICATE OF SERVICE**

SERVICE BY:                    Mail (M)      Personal Service (P)   Fax (F)
TO:        [X] DHS             [ ] Alien     [X] Alien's Attorney
Date: ___7/13/18___            By: _____ (Court Staff)

2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
26 FEDERAL PLAZA
NEW YORK, NEW YORK

File No.: A _____

In the Matter of:

_____

Respondent.

IN REMOVAL PROCEEDINGS
ORDER ON MOTION TO TERMINATE

### DECISION AND ORDER OF THE IMMIGRATION JUDGE

The Respondent filed a Motion to Terminate pursuant to the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), arguing that proceedings should be terminated because the Notice to Appear ("NTA") fails to specify the time and date of the initial removal hearing. The Department of Homeland Security ("DHS") filed an opposition to the Respondent's Motion to Terminate. DHS' arguments are unpersuasive and fail to engage the issues looming large throughout the decision in *Pereira*, 138 S. Ct. 2105. As detailed below the Supreme Court has spoken clearly on these matters. The following analysis compels the Immigration Court's conclusion that the Respondent's Motion to Terminate must be and is hereby **GRANTED**.

A review of the record in the instant matter, reveals that the NTA fails to specify the date and time of the initial removal hearing as required pursuant to section 239(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229(a).

In a recent decision by the Supreme Court in *Pereira v. Sessions*, the Court addressed the validity of a NTA in the context of the stop-time rule and the ten-year continuous physical presence requirement of an application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. 138 S. Ct. 2105. The Supreme Court found that the statutory definition of a NTA includes a requirement that the "time and place" must be specified on the written Notice.[1] *Id.* at 2108. The Supreme Court found that "time and place" is part of the "essential character" of the NTA and that this requirement is a substantive criterion required by § 1229(a). *Id.* at 2116-17. The Supreme Court constructed its holding broadly to apply all NTAs, fully aware[2] that all NTAs

---

[1] The Supreme Court also found that Congress supplied a clear and unambiguous definition of "notice to appear under section 1229(a)" and the cautioned against injecting ambiguity into the statute where there is none. *Pereira*, 138 S. Ct. at 2116, 2018.

[2] In *Pereira*, the government acknowledged that "almost 100 percent of notices to appear omit the time and date of the proceedings over the last three years." 138 S. Ct. at 2111.

in all removal proceedings would be implicated and not just NTAs in cancellation of removal cases. *Id.* at 2116, 2108.

The Supreme Court limited its holding of essential character and substantivity to time and place under INA § 239(a) and made clear that it is not addressing the sufficiency of other requirements under this section on the validity of the NTA. *Id.* at 2113.[3] The Supreme Court also addressed whether a properly served subsequent written notice with the time and place of the scheduled hearing could "complete" the written notice required "under section 239(a)" and concluded that a NTA is only "complete" when it "specifies the time and place of the removal proceedings." *Id.* at 2116.[4] Accordingly, the Supreme Court held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under [INA § 239(a)].'" *Id.* at 2108. The Court further specified that "when the term 'notice to appear' is used elsewhere in the statutory section … it carries with it the substantive time-and-place criteria required by [INA § 239(a)]." *Id.* at 2216.

According to 8 CFR § 1003.14(a), "jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 CFR § 1003.14(a). "Charging document" is defined by 8 C.F.R. § 1003.13 as "the written instrument which initiates a proceeding before an Immigration Judge … a Notice to Appear[.]" 8 C.F.R. § 1003.13. The Immigration Court is not the charging agency, and without the proper charging agency filing of a valid NTA, as delineated in INA § 239(a) and contemplated by the Supreme Court in *Pereira*, the Immigration Court lacks jurisdiction over such cases arising from similarly defective NTAs. *See* 8 C.F.R. § 1003.13-14; *see also Pereira*, 138 S. Ct. at 2113-14. As the Supreme Court held in *Pereira*, a document is not a NTA if it does not include a time and place of a removal proceedings. 138 S. Ct. at 2108. Thus, a NTA cannot be a charging document. *See* 8 C.F.R. § 1003.13. Without a valid charging document, jurisdiction never vests with the Immigration Court. *See* 8 CFR § 1003.14(a).

In this case, the DHS served the respondent a Form I-862, Notice to Appear, which ordered the Respondent to appear before an Immigration Judge on a date and at a time "to be set" or "to be determined." Like the NTA at issue in *Pereira*, the Respondent's NTA includes the standardized language required by INA § 239(a)(1), "except it failed to specify the date and time of" the respondent's removal proceedings. *See* Form I-862; *Pereira*, 138 S. Ct. at 211. Specifically, the Respondent's Form I-862 states that the "Notice to Appear was served on the respondent … in compliance with section 239(a)(1)(F) of the Act." *See* Form I-862.

---

[3] The Court left "for another day whether a putative notice to appear that omits any other categories of information enumerated in § 1229(a)(1) triggers the stop-time rule." *Pereira*, 138 S. Ct. at 2113, n.5.

[4] By concluding that a subsequent written notice issued by the court with the time and place of a scheduled court hearing is unable to cure the substantive defect of the NTA missing that crucial information, the Supreme Court overruled previous circuit courts' precedents enunciating this "two-step notice procedure" curing defective NTAs. *See Guamanrrigra v. Holder*, 670 F.3d 404, 409-410 (2d Cir. 2012) (holding that a NTA which did not include the time and place of the first hearing was not complete, but could be perfected by serving a hearing notice that provided the previously missing information required by INA § 239(a)(1)).

2

Therefore, the Immigration Court enters the following findings:

1. The NTA in the instant case is subject to all the requirements as defined in INA § 239(a).
2. The NTA in the instant case cannot be deemed to be a NTA under INA § 239(a), since it fails to specify a date and time for removal proceedings, requirements found to be essential and substantive by the Supreme Court in *Pereira*, 138 S. Ct. 2105 (2018). Therefore, the Respondent has not been provided the required written notice pursuant to INA § 239(a).
3. The subsequent notice of hearing mailed to the Respondent cannot serve to complete the initial substantively deficient written notice.
4. Without complying with the requirements under INA § 239(a), a NTA cannot be a charging document. 8 C.F.R. § 1003.13.
5. Without a valid charging document, jurisdiction never vests in the Immigration Court. 8 CFR § 1003.14(a).

Therefore, since the Immigration Court finds that the government has not provided the Respondent with proper "written notice" as required by INA § 239(a), the Immigration Court does not have jurisdiction over this Respondent in these removal proceedings. Thus, these removal proceedings must be terminated and any prior removability findings based on the allegations and charges contained in this legally defective NTA must be rescinded.

This termination will be without prejudice and does not preclude the DHS from serving a proper notice on the respondent and filing it with the court to commence removal proceedings.

## ORDERS

**IT IS HEREBY ORDERED** that the Respondent's removal proceedings are **TERMINATED** without prejudice. This termination order does not constitute a final judgment rendered on the merits.

**IT IS FURTHER ORDERED** that any prior finding of removability be **RESCINDED.**

_____     Date: _____

Helen Sichel
Immigration Judge

Appeal Waived/Reserved:  A/I/B          Appeal Due: _____

---

**CERTIFICATE OF SERVICE**

This document was served by:  [ ] Mail  [ ] Personal Service
To: [ ] Alien  [ ] Alien c/o Custodial Officer  [ ] Alien's Attorney/Rep  [ ] DHS
Date: _____          By: Court Staff _____

3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT

Youman, Madeo & Fasano
Brousseau, James Doyle
299 Broadway
Suite 810
New York, NY  10007

In the matter of ▓▓▓▓▓▓▓▓       ▓▓▓▓▓▓▓▓▓▓▓       DATE: Aug 16, 2018
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

___ Unable to forward - No address provided.
___ Attached is a copy of the decision of the Immigration Judge. This decision
    is final unless an appeal is filed with the Board of Immigration Appeals
    within 30 calendar days of the date of the mailing of this written decision.
    See the enclosed forms and instructions for properly preparing your appeal.
    Your notice of appeal, attached documents, and fee or fee waiver request
    must be mailed to:    Board of Immigration Appeals
                          Office of the Clerk
                          5107 Leesburg Pike, Suite 2000
                          Falls Church, VA 22041
___ Attached is a copy of the decision of the immigration judge as the result
    of your Failure to Appear at your scheduled deportation or removal hearing.
    This decision is final unless a Motion to Reopen is filed in accordance
    with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
    1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
    1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
    motion must be filed with this court:
                          IMMIGRATION COURT


___ Attached is a copy of the decision of the immigration judge relating to a
    Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
    1208.31(g)(1), no administrative appeal is available. However, you may file
    a petition for review within 30 days with the appropriate Circuit Court of
    Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

___ Attached is a copy of the decision of the immigration judge relating to a
    Credible Fear Review. This is a final order. No appeal is available.

✓ Other: Order of the Immigration Judge.
_____

                                    _____
                                    COURT CLERK
                                    IMMIGRATION COURT                  FF

    cc: DISTRICT COUNSEL, NYC DISTRICT
        26 FEDERAL PLAZA, ROOM #1130
        NEW YORK, NY,  10278

EXHIBIT 4

**WAL★MART®**
**PHAR×MACY**

10260 SOUTH HARLEM AVENUE
BRIDGEVIEW, IL    60455

Rx*7517257

AMA/ACI

VIDINSKI, KIRIL

3 HEATHERWOOD COURT, INDIAN HEAD PARK, IL 60525

TAKE TWO CAPSULES BY MO
DAILY

VALPROIC ACID 250MG CAP
QTY 120
FITCHEV, ELENA
May Refill 2 X by 11/16/2018
We now give immunizations!

RRD0817

## CERTIFICATE OF SERVICE

I hereby certify that on 24 August 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the appropriate CM/ECF registrant and by email to Ms. Graciela Vineja.

DATED:   24 August 2018

By:     */s/ Nicolette Glazer*

Nicolette Glazer, CA Bar # 209713