**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KIRIL VIDINSKI, and )
VALENTIN BITCIN, )
)
    Plaintiffs, )
)     No. 18 C 5233
    v. )
)     Judge Jorge L. Alonso
WILLIAM BARR, et al., )
)
    Defendants. )

## ORDER

Defendants' motion [14] to dismiss is granted. Bitcin's petition is dismissed without prejudice and with leave to amend within 28 days. To the extent Bitcin believes he has ripe civil claims, he is free to bring them in a separate civil case for which he pays the civil filing fee. Vidinski's petition is dismissed without prejudice and without leave to amend. To the extent Vidinski believes he can state a claim for damages and/or a challenge to prison conditions, he will have to bring a separate suit and pay the civil filing fee.

## STATEMENT

According to the allegations in the petition, which the Court takes as true, petitioner Kiril Vidinski ("Vidinski") was ordered removed by an immigration judge in June 2012. Vidinski appealed the order of removal, which was affirmed by the Board of Immigration Appeals and, ultimately, by the Seventh Circuit Court of Appeals. Vidinski was arrested on July 19, 2018 and was detained until August 28, 2018, when he was removed from the United States.

While Vidinski was detained, he filed a habeas petition, which he has twice amended. In the second amendment, Vidinski added a second petitioner, Valentin Bitcin ("Bitcin"). Bitcin was placed in removal proceedings in 2007 and was released on bond. Eventually, Bitcin applied for asylum, which was denied. Bitcin is not in physical custody and was not in physical custody on the date he filed his habeas petition.

The Court has already denied the habeas petitions as moot. [Docket 26]. Defendants move to dismiss.

The primary problem with Bitcin's petition is that he seeks relief in habeas but was not in physical custody when he filed his habeas petition. A person seeking habeas relief must be in custody. 28 U.S.C. § 2241(c); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (petitioner must be in custody at time of filing habeas petition to meet in-custody requirement). Nonetheless, Bitcin argues that he satisfies the "in custody" requirement, because he was on bond. "The custody

requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). "Whether someone who is not under physical constraint can be considered in custody depends on the amount of restriction placed on his or her individual liberty." *Vargas v. Swan*, 854 F.2d 1028, 1030 (7th Cir. 1988) (quoting *Harts v. Indiana*, 732 F.2d 95, 96 (7th Cir. 1984)). Here, Bitcin does not allege the terms of his bond, so it is impossible to determine whether he is subject to severe restraints on his individual liberty. Thus, Bitcin's entire habeas petition is dismissed without prejudice and with leave to amend.

That leaves Vidinski's claims. In his second amended habeas petition, Vidinski asserts several causes of action. Among them, in Count VII, Vidinski challenges the conditions of his confinement, specifically his medical treatment while confined. A petitioner cannot use a habeas petition to challenge the conditions of confinement; instead, he must file a separate civil suit for which he pays the filing fee. *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) (Petitioner "made the wrong choice in seeking relief under the habeas statute. . . . [A] habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees . . ."); *Tisthammer v. Walton*, 547 Fed.Appx. 781, 781 (7th Cir. 2013) ("[A] habeas corpus petition is not the appropriate vehicle to challenge prison conditions or medical care. Prisoners may use habeas corpus to challenge the duration or fact of their confinement, but because [petitioner's] allegations center on medical care and do not remotely affect the duration or fact of his imprisonment, the district court properly dismissed his petition.") (internal citations omitted). Because a habeas petition is not the appropriate vehicle to challenge medical care while in custody, Count VII is dismissed without prejudice. Vidinski may file a separate suit (and pay the civil filing fee) to challenge medical care.

Next, Vidinski asserts that he should not have been in custody because: the immigration judge lacked jurisdiction (Count I); the removal order had expired (Count II); his arrest violated his rights to Due Process (Count III); the revocation of his release privileges violated the Administrative Procedures Act (Count IV); his detention violated the Fifth Amendment (Count V); and he was arrested in retaliation for exercising his First Amendment rights (Count VI).

Defendants argue that these claims are moot. As the Supreme Court has stated, a "case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for the purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S.Ct. 1532, 1537 (2018). The Court agrees. Vidinski has already been released, and the Court cannot grant injunctive relief to one who is no longer affected by the allegedly unlawful conduct.

Vidinski argues that his habeas petition is not moot, due to collateral consequences. Had Vidinski challenged in this habeas petition the removal order that was the basis of his detention, then the Court might agree that his habeas petition was not mooted by his release. *Cf. Spencer*, 523 U.S. at 8 (affirming dismissal of habeas petition as moot and explaining "we have been willing to presume that a criminal conviction has continuing collateral consequences . . . The present petitioner, however, does not attack his convictions"). Likewise, Vidinski specifically states that he is *not* challenging the underlying removal order. (2nd Am. Petition/Docket 10 at ¶

37) ("Petitioner Vidinski does not seek a judicial review by the Court of the order of removal").
So, Vidinski has not shown that collateral consequences save his case from mootness.[1]

Vidinski next argues that his claims are saved from mootness because the case is capable
of repetition yet evading review. The Court disagrees. This case is not a certified class action.
*Sanchez-Gomez*, 138 S.Ct. at 1540. The only way it gets repeated is if Vidinski reenters the
United States illegally, and that possibility does not save this case from being moot. *Sanchez-
Gomez*, 138 S.Ct. at 1542 (Plaintiffs "are 'able—and indeed required by law'—to refrain from
further criminal activity. . . . We have consistently refused to find the case or controversy
requirement satisfied where, as here, the litigants simply 'anticipate violating lawful criminal
statutes.'") (internal citations omitted).

Some of Vidinski's claims (such as his due process claim and his claims under the First
and Fifth Amendments) might have been saved from mootness if he had claimed damages, but
he has not. Nor could he in this petition. Vidinski brought this case as a habeas petition, and one
cannot recover damages in habeas. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case
of a damages claim, habeas corpus is not an appropriate or available federal remedy.").) If
Vidinski wants damages, he will have to bring a separate suit and pay the civil filing fee.

Vidinski's petition is dismissed without prejudice and without leave to amend.

**SO ORDERED.**                                    **ENTERED: September 6, 2019**

                                                   _____
                                                   **HON. JORGE ALONSO**
                                                   **United States District Judge**

---

[1] To the extent Count I could be thought of as a challenge to the underlying order (despite
Vidinski's explicit disavowal of such a challenge), it would be denied on the merits. Vidinski
believes the removal order was *void ab initio* on the grounds that the immigration court never
had jurisdiction. Vidinski's theory is premised on the fact that Vidinski's notice of hearing did
not contain the date and time of his hearing. The Court does not agree that the immigration court
lacked jurisdiction, because the date-and-time information is not jurisdictional. *Ortiz-Santiago v.
Barr*, 924 F.3d 956, 958 (7th Cir. 2019) ("[A]n Immigration Court's jurisdiction is secure despite
the omission in a Notice of time-and-place information.").